J-S44042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | |
| v. | : | |
| | : | |
| TERRANCE WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 3498 EDA 2015 |

Appeal from the Judgment of Sentence October 19, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0015640-2013

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 31, 2017**

Terrance Williams ("Williams") appeals from the judgment of sentence imposed following his conviction of rape of a child and unlawful contact with a minor.[1] We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. **See** Trial Court Opinion, 6/30/16, at 1-3.

On appeal, Williams raises the following issues for our review:

1. Whether the verdict was contrary to the law based on the elements not being proven[?]

2. Whether [Williams's] sentence was unduly harsh and unreasonable[?]

3. Whether the [trial] court erred in not allowing prior sexual complaints by the [victim] into evidence[?]

---

[1] **See** 18 Pa.C.S.A. §§ 3121(c), 6318(a)(1).

4. Whether the [trial] court erred in not allowing testimony from [victim's] landlord[?]

5. Whether there was prosecutorial misconduct during direct examination of [Williams?]

Brief for Appellant at 8 (capitalization omitted, issues renumbered for ease of disposition).

In his first issue, Williams contends that the evidence was insufficient to establish, beyond a reasonable doubt, all of the elements of the crime of rape of a child. *Id*. at 16-17. Specifically, Williams claims that the Commonwealth failed to prove that he had intercourse with the victim. *Id*. at 17. Williams argues that "the Commonwealth's only evidence to support the alleged rape was testimony from the victim, as well as family members and a friend who did not witness the incident." *Id*. Williams asserts that no evidence of penetration was introduced at trial. *Id*.

With respect to his conviction of unlawful contact with a minor, Williams claims that the Commonwealth did not establish that unlawful contact occurred between Williams and the victim. *Id*. at 19. Williams argues that the only evidence offered by the Commonwealth, to support the allegedly unlawful contact, was the victim's testimony that Williams came to her door and asked about her friend who was sleeping over. *Id*. Williams contends that this communication was not for the purpose of engaging in an unlawful act, and, therefore, does not establish the first element of the crime of unlawful contact with a minor. *Id*.

In its Opinion, the trial court addressed Williams's first issue, set forth the relevant law, and determined that the issue lacks merit. **See** Trial Court Opinion, 6/30/16, at 4-6. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's first issue. **See id**.[2]

In his second issue, Williams contends that his sentence was unduly harsh and unreasonable. Brief for Appellant at 19. Williams asserts that his previous record score was zero, and the offense gravity score for his convictions was fourteen. **Id**. Williams claims that the sentence range for his offenses was 72 months, plus or minus 12 months. **Id**. Williams claims that his aggregate sentence of seven to fourteen years in prison exceeds the recommended guidelines for the offenses, and is unduly harsh. **Id**. Williams argues that, when imposing sentence, the trial court failed to consider his background and lack of criminal history. **Id**.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

---

[2] Williams also argues that the victim's testimony was not credible because she testified that she was wearing basketball shorts on the night in question, but had told the Special Victims Unit that Williams had pulled her zipper down before he raped her. Brief for Appellant at 17. However, this claim challenges the weight of the evidence, which claim Williams has abandoned on appeal. **See** Brief for Appellant at 8 n.1 (wherein Williams indicates that"[a]fter further review, the issue of weight of evidence will not be argued.").

[this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

In its Opinion, the trial court addressed Williams's second issue, and determined that the issue is waived because Williams failed to preserve his discretionary sentencing claim by raising it at sentencing or in a post-sentence motion. **See** Trial Court Opinion, 6/30/16, at 7. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's second issue. **See id**.[3]

In his third issue, Williams contends that the trial court erred by precluding Williams from introducing at trial evidence of the victim's prior claim of sexual abuse. Brief for Appellant at 21. Williams asserts that, "[b]ecause the two incidents shared so many similarities, it should have been let into evidence to show that it is [the victim's] *modus operandi*." **Id**. Williams claims that the probative value of the evidence outweighed any risk

---

[3] Even if Williams had preserved the issue for our review, we would have concluded that the claim lacks merit, as the trial court had the benefit of a presentence investigation report ("PSI") when it sentenced Williams. **See Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (holding that, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

- 4 -

of prejudice. *Id*. at 21-22. Williams also claims that introduction of this evidence would have impacted the victim's credibility, and created reasonable doubt in the eyes of the jury. *Id*. at 22.

In its Opinion, the trial court addressed Williams's third issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court Opinion, 6/30/16, at 7-9. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's third issue. *See id*.

In his fourth issue, Williams contends that the trial court erred by excluding the testimony of the victim's landlord regarding threats that the victim's mother had made to him. Brief for Appellant at 23. Williams asserts that the victims' mother told the landlord that, if he ever tried to evict her, that she would have her daughter (*i.e.*, the victim) claim that the landlord had raped her. *Id*. Williams claims that the landlord's testimony bore upon the credibility of both the victim and her mother, and would have created reasonable doubt in the eyes of the jury. *Id*. at 24.

In its Opinion, the trial court addressed Williams's fourth issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court Opinion, 6/30/16, at 8, 9. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's fourth issue. *See id*.

In his fifth issue, Williams contends that the Commonwealth engaged in prosecutorial misconduct by requesting a sidebar, when Williams was on the witness stand, to discuss the introduction of prison tapes that the trial

court had already ruled were inadmissible. Brief for Appellant at 22. Williams asserts that the prosecutor knew that the tapes were inadmissible because they had not been provided to the defense until trial. *Id*. Williams claims that, after the prosecutor had requested a sidebar, Williams became upset, and was unable to recover his demeanor for the remainder of his time on the witness stand. *Id*. at 22-23. Williams argues that the prosecutor's only purpose in requesting a sidebar was to upset Williams during his testimony. *Id*. at 23. Williams contends that "[t]he prosecutor acted in bad faith in an attempt to harass and distress [Williams]." *Id*. Williams asserts that the prosecutor's actions infringed on his right to a fair trial, thereby entitling Williams to a new trial. *Id*.

In its Opinion, the trial court addressed Williams's fifth issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court Opinion, 6/30/16, at 9-10. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's fifth issue. *See id*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017



FILED

JUN 3 0 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA :

: CP-51-CR-0015640-2013

v. :

:

TERRANCE WILLIAMS : SUPERIOR COURT

CP-51-CR-0015640-2013 Comm. v. Williams, Terrance
Opinion

: 3498 EDA 2015

7467265161

:

OPINION

CAROLYN H. NICHOLS, J.                                  June 30, 2016

## PROCEDURAL HISTORY

On May 6, 2015, the defendant, Terrance Williams was found guilty following a multi-day jury trial of the following charges: Rape of a Child[1], graded as a first-degree felony and Unlawful Contact with a Minor[2], also graded as a first-degree felony. Sentencing was deferred for the preparation of presentence investigation and sex offender assessment reports. On October 19, 2015, the defendant was sentenced to a concurrent incarceration sentence on both charges to seven (7) to fourteen (14) years. He was classified as a Tier III offender and will be subjected to lifetime reporting requirements. Additionally, he was determined to not be a sexually violent predator.

On November 18, 2015, defendant through counsel filed a timely notice of appeal. Defense counsel also moved to withdraw from representation which was granted and new

---

[1] 18 Pa.C.S.A. § 3121(c)
[2] 18 Pa.C.S.A. § 6318(a)(1)

1

appellant counsel was appointed. On January 8, 2016 this court entered an Order pursuant to Pa.R.A.P. 1925(b) directing the defendant to file a concise statement of errors within twenty-one (21) days. After granting an extension of time, defendant filed a timely statement of errors on February 25, 2016.[3]

## FINDINGS OF FACT

In June of 2013 the complainant, J.C. lived at 1824 N. Taney St. in Philadelphia with her mother, R.S. and sister, S.S. , and nieces. *Notes of Testimony*, p. 78, 143. The Defendant lived across the street on the same block. *Id.* at 83. At some point during that month, the complainant was at her house with her friend. *Id.* at 70. The Defendant knocked on her door looking for the complainant's friend. *Id.* The complainant told the Defendant that her friend was asleep and attempted to close the door. *Id.* at 148. The Defendant prevented her from closing the door and entered the house. *Id.* He grabbed the complainant by the hand and put his penis in her vagina. *Id.* The complainant told him to stop, which he did, and then left the house. *Id.* The complainant was twelve years old at the time of this incident. *Id.* at 75.

In November 2013, the complainant's mother, R.S. , confronted the complainant regarding an unrelated issue between the complainant and her friend D. *Id.* at 80. During that conversation the complainant admitted to her mother that she had sex with the Defendant in June. *Id.* at 81-82. R.S. , along with her daughter and other people went looking for the Defendant to confront him about these allegations. *Id.* at 85. The Defendant went to R.S.'s house and initially denied any contact between himself and the complainant. *Id.* at 86. He later returned to R.S.'s house and admitted that the allegations made by the complainant were

---

[3] In the time between the filing of the appeal and the receipt of defendant's 1925(b) statement, there was a discrepancy with Superior Court regarding the docketing of the appeal. Although Superior Court initially dismissed the appeal for failure to file a docketing statement, defendant, through his appellate counsel successfully petitioned Superior Court to reinstate the appeal.

2

true. *Id.* at 86-87. R.S. ~~then~~ called the police the same day and reported the rape to the Special Victims Unit. *Id.* at 87. On November 5, 2013, Special Victims took the complainant's statement where she again described the sexual encounter between her and the Defendant. *Id.* at 69-70. Based on that information an arrest warrant was issued for the Defendant on November 27, 2013. *Id.* at 122-123. He was arrested the same day without incident. *Id.* at 123-124.

## DISCUSSION

In the Defendant's 1925(b) statement he states the following issues on appeal:

1. The verdict was contrary to law in that the elements of the crime of rape of a child were not proven. The testimony of the complainant was so unbelievable that the elements of the crime were not made out. Additionally, sexual intercourse was not proven.

2. The verdict was contrary to law in that the elements of the crime of unlawful contact with a minor were not proven. The testimony of the complainant was so unbelievable that the elements of the crime were not made out. Additionally, the element of contact for the purpose of engaging in rape of a child was not proven.

3. The verdict was against the weight of the evidence. The testimony of the complainant was contradictory throughout and unbelievable. The defendant's character evidence and the testimony of the defendant himself showed that the verdict was against the weight of the evidence.

4. The sentence was harsh and unreasonable. The offense level was 14 and the criminal history category was 0. The sentence range was 72 months plus or minus 12. The defense character offense and the fact that the defendant had never been in trouble before was not properly considered by the Court.

3

5. The Court was in error in not allowing prior sexual complaints by the complainant to come into evidence. She had made similar allegations before and it should have been let in as her method of operation.

6. There was prosecutorial misconduct when the prosecutor stopped direct examination of the defendant to ask for a conference and to state she was going to introduce prison tapes of the defendant that had already been excluded by the Court. This was done while defendant was still on the witness stand. This upset the defendant and effected (sic) his demeanor and testimony for the rest of his time on the witness stand. The prosecutor knew she could not sue these tapes and the only possible reason for her bringing this up at this time was a tactical move to make the defendant nervous and upset while testifying.

7. The Court was in error in not allowing the complainant's landlord to testify how complainant's mother would accuse him of rape of complainant if the family was evicted.[4]

A claim on sufficiency of the evidence on appeal is a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000). When reviewing a claim that the evidence was insufficient to support the verdict the standard of review is when viewing the evidence in the light most favorable to the verdict winner and drawing all reasonable inferences from that evidence, does it establish each element of the crime charged and the commission thereof by the defendant. *Id.*

---

[4] This issue is related to #5 in defendant's 1925(b) statement. As such they will be addressed together in section (E) below.

4

## A. THE EVIDENCE PRESENTED WAS SUFFICIENT TO FIND THE DEFENDANT GUILTY OF RAPE OF A CHILD.

A person is guilty of the crime of rape of a child if the evidence proves beyond a reasonable doubt that the person engaged in sexual intercourse with a complainant who was less than thirteen years old. *18 Pa.C.S.A. § 3121(c)*. Under *18 Pa.C.S.A. § 3101*, sexual intercourse, as applied to this charge, can be proven with a showing of some penetration of the vagina however slight, with no legal requirement of emission from the male perpetrator.

In the instant case, the evidence presented consisted of the live testimony of the Commonwealth's witnesses and their statements to police. Most importantly the minor complainant testified that the Defendant engaged in sexual intercourse with her by penetrating her vagina with his penis when she was twelve years old. This court instructed the jury in its final charge that the testimony of the victim in this case is sufficient to convict the defendant and does not need to be supported by other evidence if it is found to be credible. See *18 Pa.C.S.A. § 3106*. Additionally, the testimony of the defendant was impeached regarding whether he had ever had contact with the complainant. He initially denied ever touching her, however on cross-examination he admitted that he was at her house on that day in June of 2013 and that he did hug her. See *N.T., p. 238-239*. The jury rightfully found that the evidenced presented, especially the testimony of the complainant, her mother, and the detective who conducted the interview of the complainant, was sufficient to find each element of the offense beyond a reasonable doubt.

## B. THE EVIDENCE PRESENTED WAS SUFFICIENT TO FIND THE DEFENDANT GUILTY OF UNLAWFUL CONTACT WITH A MINOR.

A person is guilty of the crime of unlawful contact with a minor if they intentional contact a minor for the purpose of engaging in any offense enumerated in Chapter 31, relating to sexual offenses. *18 Pa.C.S.A. § 6318(a)(1)*. Contact is defined under the statute as any direct or

indirect contact or communication by any means, method or device, including contact or communication in person. *18 Pa.C.S.A. § 6318(c)*.

In the instant case, the defendant had ongoing contact with the complainant from the time that she moved onto the block until the incident in question. The complainant testified that the Defendant would flirt and compliment her; conduct that he did not engage with the other children who lived on the block and congregated outside. Additionally, she testified that he specifically touched her hair and told her she looked pretty. This behavior can reasonably be inferred as the defendant attempting to inveigle the complainant into having a sexual relationship with him. The defendant knew the complainant at this time was only a child and thus he could take advantage of her immaturity by paying her compliments and treating her different than the other children on the block in order to have sexual intercourse with him. Therefore it is clear that there was sufficient evidence to show the contact element of the offense was proven beyond a reasonable doubt.

## C. THE DEFENDANT'S CHALLENGE TO THE WEIGHT OF THE EVIDENCE IS WAIVED AS HE FAILED TO RAISE THIS ISSUE IN A POST-VERDICT MOTION FOR A NEW TRIAL, AT THE TIME OF SENTENCING, OR IN A POST-SENTENCE MOTION.

A claim that the verdict was against the weight of the evidence must be raised with the trial judge in a motion for a new trial orally on the record before sentencing, by written motion before sentencing, or in a post-sentence motion. *Pa. R. Crim. P. 607(a)*. A challenge to the weight of the evidence must be raised with the trial court while exercising jurisdiction over the matter since appellate review of the trial court's decision regarding that claim is limited to the exercise of its discretion and not the underlying claim. *Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (PA Super 2003) (citing *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).

6

In this case, defendant's counsel did not motion for a new trial after the verdict, or at any time prior to sentencing. Therefore the defendant's claim the verdict was against the weight of the evidence is waived.

## D. THE DEFENDANT'S CHALLENGE TO THE SENTENCE RECEIVED IS WAIVED SINCE HE FAILED TO RAISE THE ISSUE OF THE SENTENCE BEING UNDULY HARSH, EXCESSIVE AND UNWARRANTED PRIOR TO FILING THE APPEAL.

A challenge to a discretionary aspect of a sentence must be raised either at the time of sentencing or in a post-sentence motion. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa Super. 2012) (citing *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-74 (Pa. Super. 2006). If a defendant fails to raise such issue at those times it cannot be decided on a direct appeal. *Id.* at 1274.

In the present case, the docket does not reflect that the defendant filed a post-sentence motion challenging the harshness of his sentence. Also in reviewing the transcript from his sentencing hearing on October 19, 2015, at no time did he or his attorney argue that the sentence imposed by this court was harsh or excessive. Accordingly, since this issue is being raised initially on direct appeal it is waived and cannot be address by this court.

## E. THE COURT WAS NOT IN ERROR WHEN IT DENIED THE ADMISSION OF A PRIOR SEXUAL ASSAULT OF THE COMPLAINANT AND THE TESTIMONY OF THE COMPLAINANT'S LANDLORD.

Evidentiary rulings are within the sound discretion of the trial court and should not be reversed absent a clear abuse of discretion. *Commonwealth v. Reefer*, 393 Pa. Super. 193, 573 A.2d 1153, 1154 (1990) (citation omitted). The decision whether to admit or exclude evidence lies within the sound discretion of this Court, which is not subject to reversal except for abuse of

7

that discretion. *Commonwealth v. Mayhue*, 536 Pa. 271, 639 A.2d 421, 431 (1994). An abuse of discretion is not merely an error in judgment but a gross misapplication of the law, manifestly unreasonable judgment, or demonstrable bias or partiality. *Commonwealth v. Kubiac*, 550 A.2d 219, 223 (1988).

In the instant case, the admission of evidence of the complainant's past sexual assault is governed by the general rules of relevancy and not of the provisions of the "Rape Shield" statute.[5] The admissibility of evidence that the complainant on a prior occasion was the victim of an unrelated sexual assault does not invoke the "Rape Shield" statute, but instead is evaluated under the general evidentiary rules. *Commonwealth v. Fink*, 2002 PA Super 32, 791 A.2d 1235, 1242 (2002) (citation omitted).

The evidence that the complainant in the present case was previously a victim of an unrelated sexual assault was not admissible as it was a collateral issue and not relevant. Evidence is admissible if it is relevant. *Pa.R.E. § 402*. For evidence to be relevant it must have a tendency to make a fact more or less probable than it would without the evidence and that fact is of consequence in determining the action. *Pa.R.E. § 401*. Here, the evidence that the complainant was sexual assaulted in the past had no bearing on whether the defendant was the person who raped here in the present case. Defense counsel sought admission of this evidence solely for the purpose of impeaching the credibility of the complainant and her mother, who was involved in reporting the previous sexual assault. However a witness may not be contradicted upon a collateral matter. *Commonwealth v. Johnson*, 536 Pa. 153, 159, 638 A.2d 940, 943 (1994). A collateral matter is one that has no bearing on the facts of the present case. *Id.* In, *Johnson*, the appellant wished to impeach the credibility of a witness based on a previous

---

[5] *18 Pa.C.S.A. § 3104.*

8

allegation of sexual abuse perpetrated against the victim by a third party. There the court held

that the testimony had no bearing on a matter at issue in the case and held it was not relevant.

Similar to the present case, defense counsel wished to introduce evidence that on a prior occasion

the complainant and her mother accused a third party of rape. This information was offered

solely to impeach the credibility of the witnesses and had no direct relation to any material issue

in this case. Therefore it was not relevant and its exclusion was proper.

The same legal reasoning applies to the denial of the admission of the testimony of the

landlord of the complainant and her mother. Defense counsel wished to bring the landlord in to

testify that the mother had threatened to accuse him of rape if she was evicted by him. This

again is a collateral issue solely being offered for impeachment purposes. As discussed above,

the testimony of the landlord had no bearing on whether the defendant sexual assaulted the

complainant and was properly excluded.

## F. THE CLAIM THAT THE DEFENDANT WAS UPSET AFTER THE ASSISTANT DISTRICT ATTORNEY ATTEMPTED TO USE PREVIOUSLY EXCLUDED AUDIO TAPES TO IMPEACH IS WITHOUT MERIT.

The issue that is being raised by the defendant occurred at the beginning of his direct

testimony. After being asked a few questions by his attorney, the assistant district attorney asked

for a side bar to inform the court that she wished to impeach his testimony during cross

examination with prison phone call tapes that were previously excluded.[6] The court then

excused the jury for a brief recess so the issue could be argued outside of their presence.

Ultimately this court, held as it did previously, that the tapes could not be introduced because

defense counsel did not have an opportunity to hear the tapes, although he did admit that he was

---

[6] The reason they were excluded was that there was an issue in copying them to a format that could be heard by defense counsel and as such were not passed until the day of trial. In the interest of fairness and to expedite the case, those tapes were excluded.

aware of their contents. After ruling, the defendant continued his testimony for several minutes with no apparent indication that the exchange between counsel upset or distracted him from his testimony. This court finds absolutely no merit to the claim that the prosecutor intentional called for a side bar and attempted to introduce those tapes to impeach the defendant for the sole purpose of upsetting him.

Additionally, this issue is waived because trial counsel did not move for a mistrial or object on the grounds of prosecutorial misconduct at the time the ADA attempted to introduce the tapes for her cross-examination. The Defendant also did not motion for a new trial based on prosecutorial misconduct at any time. Thus the issue was not preserved for appellate review.

Even, *arguendo*, if the issue was preserved to constitute a due process violation, the prosecutor must have engaged in misconduct that was so significant so as to deny the defendant the right to a fair trial. *Commonwealth v. Klem*, 2014 WL 10965427, (PA Super 2014) (citation omitted). Here it is obvious that there was no prejudice to the defendant as the jury was not aware of any tapes or that they were excluded. The prosecutor's cross-examination of the defendant was also without any misconduct. The defendant suffered absolutely no prejudice by any the prosecutor's actions and as such this claim is without merit.

## CONCLUSION

For the reasons stated above, the defendant's claims on appeal should be denied and the judgment of this court be affirmed.

BY THE COURT:

CAROLYN H. NICHOLS, J.

10

COMMONWEALTH vs. TERRANCE WILLIAMS – CP-51-CR-0015640-2013

Opinion

## PROOF OF SERVICE

I hereby certify that I am this **30th day of June, 2016,** serving the foregoing Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirement of Pa.R.CrimP. 114:

**Defense Counsel/ Party:**     Peter A. Levin, Esq.
1927 Hamilton St.
Philadelphia, PA 19130

Type of Service:     ( ) Personal     (X) First Class Mail     Other, please specify: _____

**District Attorney:**     Hugh J. Burns, Jr., Esq.
Chief, Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107-3499

Type of Service:     ( ) Personal     (X) First Class Mail     Other, please specify: _____

Dated: June 30, 2016

Daniel S. Gradwohl, Esq.
**Law Clerk for Honorable Carolyn Nichols**